## DUGAN *v.* GREGG.

*(Circuit Court, S. D. New York. November 16, 1891.)*

1. PATENTS FOR INVENTIONS—INVENTION—BOOK AND INDEX.

    Letters patent No. 383,543, issued May 29, 1888, to Robert M. Rigby, for a combined book and index so arranged by uniting one edge of the cover leaf of the index to the outer edge of one of the leaves of the book, that the index may be withdrawn from between the covers of the book and again returned to its place, without turning the pages of the book or losing the reader's place, involved a patentable invention, and not a mere mechanical adaptation.

2. SAME—CONSTRUCTION OF CLAIM—INFRINGEMENT.

    The claim was for "the combination, with a book provided with a leaf, C, free of the book-cover, to its rear edge," of an index united by its cover-leaf to the leaf. C. In the specifications the patentee says: "The book will preferably be provided with a special leaf of considerable strength, and bound or united firmly to the book cover, B, at the point, A, or at such a point distant from the edge of the cover, B, as will provide room enough to receive the index when folded there between." *Held*, that the claim should be construed to mean that the leaf, C, should be free of the book-cover to the leaf's rear edge, and not to the book-cover's rear edge; and hence an index connected with a leaf which is united to the book-cover some distance from the cover's rear edge constitutes an infringement.

In Equity. Suit by George Dugan against Thornton F. Gregg for infringement of a patent.

*Edwin H. Brown,* for complainant.

*Francis Forbes,* for defendant.

COXE, J. This is an equity suit for the infringement of letters patent No. 383,543, granted to Robert M. Rigby, May 29, 1888, and by him assigned to the complainant. The invention relates generally to a combined book and index where the index is independent of the book, but combined with it so that both can be referred to at the same time. The object of the inventor was to connect the two so as to facilitate a more ready and convenient handling thereof. This is accomplished by "uniting one edge of one of the leaves of the index to the edge of one of the leaves of the book, whereby the index may be confined or withdrawn from between the covers of the book after reference or other use." The advantage claimed for the invention is that at any time the index may be pulled out beyond the book by a simple movement of one hand and returned by the same movement to its position in the book without necessitating the turning of any of the pages of the book and without losing the place in the book which the reader is consulting. The claim is as follows:

"In a combined book and index, the combination, with a book provided with a leaf, C, free of the book-cover, to its rear edge, of an index provided with a leaf or cover, F, the free edge of the latter being flexibly united to the free edge of the leaf, C, whereby the index is independent of the book-cover and may be inserted and confined between the book-cover and the leaf, C, with the front edges of its leaves outermost, substantially as described."

The defenses are non-infringement and lack of novelty and invention.

Rigby's contribution to the art was a simple one, and yet he accomplished a useful result in a better way than it had been done before. As defendant's expert puts it:

"I find that to facilitate the ready handling of the index it can be withdrawn from between the cover and leaves, or inserted therein without necessarily handling the book or turning its leaves."

This is the invention in a nut-shell. The inventor's aim was to provide a simple and inexpensive mode of connecting the index with the book so that the user, by two simple motions of one hand, can pull out and open the index, and, after examining it, return it, by a similar operation, to its place. In this aim he succeeded. Of course books, and books combined with indices, were old; but nothing in the prior art anticipates the combination of the patent. No one before attached the outer edge of the cover of the index to the outer edge of a leaf of the book. The devices of Draper, Tebbetts and McDonald, if made now for the first time, would not infringe. The feature which gives Rigby's device its principal claim to novelty is wanting in all of these. The complainant's expert referring to these prior structures says, and I think correctly, that in no one of them "is the free edge of the cover leaf of the index secured to the free edge of a leaf connected at its inner edge with the book, and no one of the structures described is capable of being drawn out or pushed in without opening the book to any extent, and also when so drawn out of having its leaves turned and inspected without covering the book, or the leaves of the book, while the book can be inspected and its leaves turned without disturbing the leaves of the index."

The question of patentability is not so clear. The invention is, certainly, not a great one. It is not many degrees removed from mechanical skill and yet it is thought that the ingenious arrangement pointed out in the patent would not have occurred to the skilled workman. To produce it required an exercise of the mental faculties. It involved invention. *Magowan* v. *Packing Co.*, 57 O. G. 845, 12 Sup. Ct. Rep. 71.

The question of infringement turns upon the construction of the claim. The defendant has a patent, No. 432,700, for a device for attaching the index to the inner surface of the back cover of the book. The sale by him of a letter-press copying book with an index attached as described in his patent is conceded. The leaf to which his index is attached is not bound into the book like the other leaves, but is gummed to the inside of the book-cover, at a point about half an inch from the rear edge of the cover. If the claim requires that the leaf shall be free of the cover all the way to the cover's rear edge the defendant's book does not infringe. It does infringe, however, if the claim requires only that the leaf shall be free of the cover to the leaf's rear edge. The defendant contends that the language relating to the leaf, C, must be construed as follows: "A leaf, C, free of the book-cover, to the book-cover's rear edge." The complainant insists that the following is the proper construction. "A leaf, C, free, to its rear edge, of the book-cover." I am convinced that the latter is the proper construction both from a grammatical and equitable point of view. The idea might have been more clearly expressed, but there is little doubt as to the patentee's meaning. The subject he is considering is the leaf, C. He then proceeds, parenthetic-

ally, to describe it as a leaf which is free all the way to its rear edge of the book-cover. The subject is not changed. At all times it is the leaf, C, and not the book-cover. Moreover, the limitation suggested by the defendant was not required by anything in the prior art. It can hardly be presumed that a rational inventor would place such an unnecessary restriction, voluntarily, upon an already narrow claim. But the subject is not left to presumption. The specification repeatedly makes allusions which are wholly inconsistent with defendant's construction. For instance, the patentee says:

"The book will preferably be provided with a special leaf of considerable strength, and bound or united firmly to the book-covers, B, at the point, *a*, or *at such a point distant from the edge of the cover*, B, as will provide room enough to receive the index when folded there between, as in Fig. 2."

The location of the point of contact of the leaf, C, to the book is not of the essence of the invention. There is no reason for locating it at the one point suggested by defendant. If the index happens to be smaller than the book, and the leaf, C, is attached as defendant says it must be, the leaf will buckle, the index will be hidden and the whole contrivance will become inoperative. If the leaf, C, must be free of the cover from the front edge to the rear edge of the cover, it cannot be attached to the cover at all. To construe the claim thus narrowly is to put a premium upon infringement and render the patent valueless. An infringer would escape by simply pasting a narrow strip of the leaf to the rear edge of the cover. Even if it be conceded that the language is doubtful it would still be the duty of the court to resolve the doubt in favor of the patent by placing a liberal and reasonable construction upon the claim. The complainant is entitled to the usual decree.